RECEIVED
SDNY DOCKET UNIT
2018 SEP 14  AM 9: 27

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Southren District of New York |
|---|---|

| Name (under which you were convicted): KEVIN DAVIS, | Docket or Case No.: 02736/2005 |
|---|---|

| Place of Confinement : ATTICA CORRECTIONAL FACILITY | Prisoner No.: 07-A-5542 |
|---|---|

| Petitioner (include the name under which you were convicted) KEVIN DAVIS, | Respondent (authorized person having custody of petitioner) v.   J. Noeth, Superintendent's |
|---|---|

| The Attorney General of the State of  New York   Barbara D. Underwood |
|---|

**PETITION**



# 18CV8426

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

Supreme Court of the State of New York

First Judicial District Criminal Branch

100 Centre Street New York,NY 10013
(b) Criminal docket or case number (if you know):
02736/2005

2.  (a) Date of the judgment of conviction (if you know):
August 3,2007
(b) Date of sentencing:
September 24,2007

3.  Length of sentence:
(20)Twenty to Life.

4.  In this case, were you convicted on more than one count or of more than one crime?       ☐ Yes   ☒ No
One count of Criminal Sexual Act in the first degree P.L.130.50(1)

5.  Identify all crimes of which you were convicted and sentenced in this case:
Criminal Sexual Act in the first degree P.L. 130.50(1)

6.  (a) What was your plea? (Check one)

|   | ☐ | (1) | Not guilty | ☐ | (3) | Nolo contendere (no contest) |
|---|---|---|---|---|---|---|
|   | ☒ | (2) | Guilty | ☐ | (4) | Insanity plea |

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?

Plead guilty to Criminal Sexual Act in the first degree P.L. 130.50(1)

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury  ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes  ☐ No

8.  Did you appeal from the judgment of conviction?

☒ Yes  ☐ No

9.  If you did appeal, answer the following:

(a) Name of court: Appellate Division-First Department

(b) Docket or case number (if you know):
02736/2005
(c) Result:
affirmed
(d) Date of result (if you know):
December 5,2007
(e) Citation to the case (if you know):
(59 A.D.3d 219(1 Dep't 2009).
(f) Grounds raised:
Anders v. California,386 U.S. 738(1967)People v. Saunder,52A.D.2d 833(1976).

(g) Did you seek further review by a higher state court?  ☐ Yes  ☐ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):
59 A.D.3d 219(1 Dep't 2009).
(6) Grounds raised:

Anders v.California 386 U.S. 738(1967).

People v. Saunders, 52 A.D.2d 833(1976)


(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: Manhattan Supreme Court

(2) Docket or case number (if you know):
02736/2005(M-4730)
(3) Date of filing (if you know):
April 18,2008
(4) Nature of the proceeding:
440.20
(5) Grounds raised:

Appellate Counsel's application to withdraw,agreed that there were
no non frivolous appellate issue.


(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result:
affirmed
(8) Date of result (if you know):
December 2,2008

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:
N.Y.S. Manhattan County Supreme Court
(2) Docket or case number (if you know):
2736/2005
(3) Date of filing (if you know):
Sept 9,2013
(4) Nature of the proceeding:
440.20
(5) Grounds raised:

Ineffective assistance of Counsel "Gun" not operable weapon.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☐ No

(7) Result: affirmed

(8) Date of result (if you know): March 20,2014

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:
N.Y.S. Manhattan County Supreme Court
(2) Docket or case number (if you know):
2736/2005
(3) Date of filing (if you know):
Don't Remember.
(4) Nature of the proceeding:
440.20
(5) Grounds raised:

Alleyne V. United States,133 S.ct.2151,Descamps V.United States 133 S.ct
2276,Apprendi V. New Jersey 530 U.S. 46

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: affirmed

(8) Date of result (if you know):
June 11, 2014

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion? No because the new law wasn't retroactive

(1) First petition:    ☐ Yes    ☒ No

(2) Second petition:   ☐ Yes    ☒ No

(3) Third petition:    ☐ Yes    ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
My first petition was that the gun wasn't operability and the Cour produce the ballistic report.
My second petition the new law that came out wasn't retroactive.
My third petition the Cour said that I am precluded from raising the same ground.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** Ineffective assistance of Counsel's for failure to not properly investigate defendant Criminal history for sentencing purpose.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
If my Counsel had investigated my Criminal history he would had seen that the Judge after I pleaded guilty to (C.P.W.3d°)w/ D.A.consent on my first felony conviction place me on "Interim Probation", when in fact back in 1983 that sentence was illegal because "Interim Probation", before being sentence to (5)Five years probation wasn't authorize by Statute of New York STATE and on December 5,1983, I was sentence again for the same crime by the same Judge the same part in Manhattan County Supreme Court same Ind.No.#6994-81, that's "Double Jeopardy". If my Counsel didn't know he should had know. that Ineffective assistance of Counsel. Now they are using this same case to enhance my sentence.

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☒ Yes      ☐ No

I put in a writ of erron coram nobis

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes      ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  440.30

Name and location of the court where the motion or petition was filed:

Manhattan County Supreme Court 100 Centre Street New York,N.Y. 10013

Docket or case number (if you know):
2736/2005

Date of the court's decision:
January 30,2017

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?      ☐ Yes      ☒ No

(4) Did you appeal from the denial of your motion or petition?      ☒ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?      ☒ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Appellate Division-First Department
27 Madison Avenue New York N.Y. 10010
Docket or case number (if you know):

Date of the court's decision:
April 25,2017

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 10/07)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

    Reargument C.P.L. < 460.15

used to exhaust your state remedies on Ground One:

Writ of Error Coram nobis

**GROUND TWO:**

Defendant was incorrectly sentence as a persistent violent felony offender base upon aprior sentence of "Interim Probation,from a 1983 conviction Ind.No.6994-81 (C.P.W.3rd degree) P.L (265.02(4) back in 1983 "Interim probation was illegal by Statute.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.)

Defendant was entitled to a hearing was required to determine the merits of the defendant contention that he did not receive the effective assistance of counsel because trial counsel did not properly investigate my criminal history

Also defendant who had served (finish) his sentence of the original sentence imposed violated double jeopardy,even through the sentence imposed originally had been illegal. Counsel demonstrably failed to  render "meaningful representation"and were particularly ineffective in advising defendant to plead guilty to a patently unmeritorious charge without having investigated the facts,researched the law,or  developed the record.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    No

    (2) If you did not raise this issue in your direct appeal, explain why:

        My Attorney on direct appeal put in a Anders v. Californa,brief.

(d)    **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒ Yes    ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:

        440.30 and a writ of error coram nobis

    Name and location of the court where the motion or petition was filed:

    Manhattan County Supreme Court 100 Centre Street New York,N.Y. 10013

    Docket or case number (if you know):

    2736/2005

    Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Appellate Division-First Department 27 Madison Avenue New York,N.Y.

Docket or case number (if you know):
2736/2005
Date of the court's decision:
March 27,2018 excuse me April 17,2018
Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

   State of New York Court  of Appeals
order Denying leave August 21,2018

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☒ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

## GROUND FOUR:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

13.    Please answer these additional questions about the petition you are filing:

   (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

          having jurisdiction?    ☒ · Yes      ☐   No

          If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

          presenting them:

   (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so,

          ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

       that you challenge in this petition?       ☐   Yes      ☒   No

       If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

       raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

       of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

       the judgment you are challenging?       ☐   Yes      ☒   No

       If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

       raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

Amelio P. Marino,ESQ 163 West 71 Street New York,N.Y. 10023

(b) At arraignment and plea:


(c) At trial:


(d) At sentencing:

Theodre M. Herlich-18B Counsel 299 Broadway,Suite 1808 New York N.Y. 10007

(e) On appeal:

EVE KESSLER,THE LEGAL AID SOCIETY CRIMINAL APPEAL BUREAU
199 WATER STREET NEW YORK,N.Y. 10038

(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:



17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:



(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?      ☐ Yes    ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*


"MY DUE DILIGENCE" After my 440.30 was denied,Iwas going to put another 440.30,but 9/29/15,I was diagnose with "Prostate Cancer" I went through Radiation Trearment & Seed Implant March 15,2016, my first surgery and my second surgery was April 20,2017, from complication from my first surgery. (cont.)

For me due to health reason "Prostate Cancer" surgery's I was unable
to accurately take care of myself needless to say to put together
this application/writ of habeas corpus.(See Exhibits)

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

   (1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

    Dismissal of Criminal Possession of a Weapon in the third degree(265.02 (4),because the adudication require the filing of new information

or any other relief to which petitioner may be entitled.

    This case affect the sequentiality of the conviction of defendant. OrPenal Law 70.15,C.P.L.§220.10,and Penal Law (265.02(4) a Class "E" violent felony attempted criminal possession of a weapon 3rd°degree, C.P.L.220.10(5)(d)(iii)

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on    September 4, 2008.

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Tom, J.P., Saxe, McGuire, Moskowitz, Freedman, JJ.

5232-
5233        The People of the State of New York,        Ind. 2736/05
                        Respondent,

                    -against-

            Kevin Davis,
                Defendant-Appellant.

_____

Steven Banks, The Legal Aid Society, New York (Eve Kessler of
counsel), for appellant.

_____

     Amended; Judgment, Supreme Court, New York County (William

A. Wetzel, J.), rendered on or about December 5, 2007,

unanimously affirmed.

     Application by appellant's counsel to withdraw as counsel is

granted (see Anders v California, 386 US 738 [1967]; People v

Saunders, 52 AD2d 833 [1976]).  We have reviewed this record and

agree with appellant's assigned counsel that there are no

non-frivolous points which could be raised on this appeal.

     Pursuant to Criminal Procedure Law § 460.20, defendant may

apply for leave to appeal to the Court of Appeals by making

application to the Chief Judge of that Court and by submitting

such application to the Clerk of that Court or to a Justice of

the Appellate Division of the Supreme Court of this Department on

reasonable notice to the respondent within thirty (30) days after

service of a copy of this order.

     Denial of the application for permission to appeal by the

judge or justice first applied to is final and no new application

may thereafter be made to any other judge or justice.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED:   FEBRUARY 10, 2009

CLERK

At a Term of the Appellate Division of the Supreme
Court held in and for the First Judicial Department in
the County of New York on November 12, 2009.

Present: Hon. Peter Tom,                     Justice Presiding,
              David B. Saxe
              James M. McGuire
              Karla Moskowitz
              Helen E. Freedman,              Justices.

----------------------------------------X
The People of the State of New York,
                    Respondent,

              -against-                          M-1568
                                         Ind. No. 2736/05

Kevin Davis,
          Defendant-Appellant.
----------------------------------------X

        A decision and order of this Court having been entered
on February 10, 2009 (Appeal Nos. 5232-5233), unanimously
affirming the judgment of the Supreme Court, New York County,
rendered on or about December 5, 2007,

        And defendant having moved to vacate the aforesaid
decision and order of this Court entered on February 10, 2009
(Appeal Nos. 5232-5233),

        Now, upon reading and filing the papers with respect to
the motion, and due deliberation having been had thereon, it is

        Ordered that the motion is denied.

                              ENTER:

                                          Clerk.

# Supreme Court
## of the
## State of New York

## Part 23 - New York County

---------------------------------------------------x

**The People of the State of New York**

         **-against-**

**KEVIN DAVIS**

               Defendant

---------------------------------------------------x

**INDICTMENT: 2736-2005**

**MOTION FOR: CPL §440.10**

**CALENDAR DATE:**
**DECEMBER 5, 2016**

**FEB 0 9 2017**

Ordered **that upon the papers submitted, this motion is hereby**

I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office.

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

**GRANTED** _____

**DENIED**    X _____

The court issued a written decision on March 14, 2014
(attached), addressing and denying defendant's motion to vacate
judgment. On June 9, 2014, the court precluded defendant
from moving for relief based upon the same grounds previously
addressed (attached) pursuant to the previously issued decisions.
Defendant's motion is denied.

Date _January 30, 2017_      Hon. _____

                              HON. NEIL ROSS    E. ROSS

PT. 23 JAN 3 0 2017

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : FIRST JUDICIAL DEPARTMENT

BEFORE: Hon. Rolando T. Acosta
        Justice of the Appellate Division

------------------------------------------------X
The People of the State of New York,

                                        M — 1522
                                        Ind. No. 2736/2005

            -against-                   CERTIFICATE
                                        DENYING LEAVE
Kevin Davis,

                    Defendant.
------------------------------------------------X


        I, Rolando T. Acosta, a Justice of the Appellate Division,

First Judicial Department, do hereby certify that, upon

application timely made by the above-named defendant for a

certificate pursuant to Criminal Procedure Law, sections 450.15

and 460.15, and upon the record and proceedings herein, there is

no question of law or fact presented which ought to be reviewed

by the Appellate Division, First Judicial Department, and

permission to appeal from the order of the Supreme Court, New

York, entered on or about January 30, 2017, is hereby denied.

                            _____
                            Hon. Rolando T. Acosta
                            Associate Justice


Dated:      April 6, 2017
            New York, New York

ENTERED:    APR 2 5 2017

To continue ground two as a citizen of the United States of America by me Invoking my Rights protected by the United States Constitution under the Fifth Amendment,Due Process Rights Double Jeopardy Clause and the Supremacy Clause that's protect me that the Federal Government has Jurisdiction which provide me that "no person... shall... be subject for the same offense to be twice put in jeopardy of life or limb".

Supremacy Clause Article VI Section [a] U.S.CONSTITUTION Article VI, Double Jeopardy Clause Fifth Amendment my Rights as a citizen of the United States of America are being violated there is not a question in mind that I am being punish twice.

The original impose sentence back in 1983,was illegal by statute of New York State and now the People of the State of New York is using this same case to treat me as a persistent violent felony offender,and this same illegal sentence was use against me on September 24,2007,in sentence me to twenty to life after I serve my time,completed the illegal sentence and thought that as a prisoner's maximum term disturbs my legitimate expectation in the finality of my sentence,thus violating the protection against multiple punishments guarantteed by double jeopardy clause.

Now almost(14) fourteen years has past of the twenty to life sentence and I am still paying for it.  My original sentence was (1)one year INTERIM PROBATION",before being sentence to (5)five years probation. After completing my (1)one year successfully",INTERIM PROBATION",I was sentence a second time to (5)five years probation on December 5,1983, under Indictment No.#6994-81.

Was my rights violated ? Was I sentence twice ? Now on September 24,2007 my sentence was enhanced by given me twenty to life imprisonment as a persistent violent felony offender.

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : FIRST JUDICIAL DEPARTMENT

BEFORE: Hon. Rolando T. Acosta
        Justice of the Appellate Division

------------------------------------------X
The People of the State of New York,

                                              M — 974
                                              Ind. No. 2736/2005

            -against-                         CERTIFICATE
                                              DENYING LEAVE
Kevin Davis,

                    Defendant.
------------------------------------------X

     I, Rolando T. Acosta, Presiding Justice of the Appellate

Division, First Judicial Department, do hereby certify that, upon

application made by the above-named defendant for reargument of

our denial of a certificate pursuant to Criminal Procedure Law,

sections 450.15 and 460.15 for leave to appeal to this Court, or

in the alternative, for leave to appeal to the Court of Appeals,

and upon the record and proceedings herein, there is no question

of law or fact presented which ought to be reviewed by the

Appellate Division, First Judicial Department, and permission to

appeal from the order of the Supreme Court, New York, entered on

or about January 30, 2017, or for leave to appeal to the Court of

Appeals, is hereby denied.

                                    _____
                                    Hon. Rolando T. Acosta
                                    Presiding Justice

Dated:  March 27, 2018
        New York, New York

ENTERED: APR 1 7 2018

Marrello

At a Term of the Appellate Division of the Supreme
Court held in and for the First Judicial Department in
the County of New York on May 22, 2018.

PRESENT:   Hon. Rolando T. Acosta,
                David Friedman                      Presiding Justice,
                John W. Sweeny, Jr.
                Peter Tom,                          Justices.

------------------------------------------X
The People of the State of New York,
              Respondent,

          -against-                                 **CONFIDENTIAL**
                                                    M-1048
Kevin Davis,                                        Ind. No. 2736/05
        Defendant-Appellant.
------------------------------------------X


          A decision and order of this Court having been entered on
February 10, 2009 (Appeal Nos. 5232/5233), unanimously affirming
a judgment of the Supreme Court, New York County (Lewis Bart
Stone, J.) rendered on September 24, 2007,

          And defendant-appellant having moved, in the nature of a
writ of error coram nobis, for a review of his claim of
ineffective assistance of appellate counsel, and for related
relief,

          Now, upon reading and filing the papers with respect to the
motion, and due deliberation having been had thereon,

          It is ordered that said application is denied.


                ENTERED:



                                                CLERK

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT

THE PEOPLE OF THE STATE OF NEW YORK,

                              Respondent,

                  -against-

KEVIN DAVIS,

                              Defendant-Appellant.

<u>NOTICE OF ENTRY</u>

Indictment No.    2736/05

PLEASE TAKE NOTICE, that the within is a true copy of an Order duly filed and entered in the

above-entitled action in the Office of the Clerk of the Supreme Court, Appellate Division, First Department

on May 22, 2108.

Dated:  New York, New York
        May 23, 2018

                              CYRUS R. VANCE, JR.
                              District Attorney, New York County
                              One Hogan Place
                              New York, New York 10013
                              (212) 335-9000

STATE and COUNTY of NEW YORK

Kevin Davis            , being duly sworn, deposes and says, that on the 14 day of June
2018, I served the within Order and Notice of Entry on the attorney for appellant (named hereafter) by
enclosing a true copy thereof in a first-class, post-paid wrapper, directed to the following address, which
was designated by the attorney for that purpose, and depositing the same in an official depository of the
United States Postal Service within New York State:

KEVIN DAVIS 07A5542
Attica Correctional Facility
639 Exchange Street
Attica, New York 14011-0149

Sworn to before me this 14 day of June 2018

_Stacy A. Leone_
Notary Public

Stacy A. Leone
Notary Public, State of New York
Registration No. 01LE6342453
Qualified in Orleans County
Commission Expires May 23, 2020



# State of New York
# Court of Appeals

BEFORE: HON. EUGENE M. FAHEY,
Associate Judge

---

THE PEOPLE OF THE STATE OF NEW YORK,

                                        Respondent,                    **ORDER
        -against-                                                       DENYING
                                                                        LEAVE**
KEVIN DAVIS,

                                        Appellant.

---

Appellant having applied for leave to appeal to this Court pursuant to Criminal

Procedure Law § 460.20 from an order in the above-captioned case;*

UPON the papers filed and due deliberation, it is

ORDERED that the application is denied.

Dated: AUG 2 1 2018
       at Buffalo, NY

_____
EUGENE M. FAHEY
Associate Judge

*Description of Order: Order of the Supreme Court, Appellate Division, First
Department, entered May 22, 2018, denying defendant's application for a writ of error
coram nobis.



Inmate Grievance Complaint          68487-17

Attica Correctional Facility          February 20, 2017

(20)

Kevin Davis, #07-A-5542     Housing Unit "C" block 31 Co. 18 Cell

Program   None

Almost (1) one year ago I underwent "Prostate Cancer" surgery
The primary recovery of radiation treatment is from (6) six months
to (1) year; plus Iodine Seed Implant. I am still very much
experiencing complications from the surgery "Infection" extending
from pus that I notice in my underwear urinating constantly burning
sensation when I urinate more then (10) times at Night absolutely
no erection, this been going on since the surgery. I am in
constant Pain. I was issue pamper to stop the "pus" from
going on my underwear. The medication that I am taking is
is Not working as follow: SILODOSIN 8MG CAP, SULFAMETHOX/TMP DS
80/160 MG TABLETS, and OXYBUTYNIN 5MG TABLETS

Action Requested: I need Medical Attention to get cure from
the effection "botch" Surgery.

Kevin Davis, #07-A-5542
"C" block 31 Co. 18 Cell

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

# INMATE GRIEVANCE COMPLAINT

*needs medical attention* 22

| Grievance No. |
|---|
| 08487-17 |

C-27-28

_Attica_ _____ CORRECTIONAL FACILITY

Date: _2/22/17_

Name: _Davis, K._ _____ Dept. No.: _07A5542_ Housing Unit: _C-31-18_

Program: _____ AM    C-27-28 PM

***(Please Print or Type – This form must be filed within 21 calendar days of Grievance Incident)****

Description of Problem: (Please make as brief as possible) _____

_____

_____

_____

_____

_____

Grievant
Signature: _____

Grievance Clerk: _____ Date: _FEB 2 2 2017_

Advisor Requested ☐ YES ☐ NO Who: _____

Action requested by inmate: _____

_____

The Grievance has been formally resolved as follows:    3/1

_____

_____

_____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant
Signature: _____ Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).
* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

88487-17

FORM 2131E (REVERSE) (9/12)

**Response of IGRC:** Upon chart review of Davis, Kevin 07A5542 he was last seen by a provider to address his medical issues on 2-15-17. He is referred for further testing upon Albanys approval His medical needs are being addressed.

3/3/17

Date Returned to Inmate: _____     IGRC Members: _____

Chairperson: _____

Return within 7 calendar days and check appropriate boxes.*

☐ I disagree with IGRC response and wish to appeal to Superintendent.

☐ I have reviewed deadlocked responses. Pass-Thru to Superintendent.

☐ I agree with the IGRC response and wish to appeal to the Superintendent.

☐ I apply to the IGP Supervisor for review of dismissal.

Signed: _____          _____
                      Grievant                                    Date

_____          _____
        Grievance Clerk's Receipt                        Date

**To be completed by Grievance Clerk.**

Grievance Appealed to the Superintendent: _____
                                                                    Date

Grievance forwarded to the Superintendent for action: _____
                                                                                          Date

* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

NAME: DAVIS, KEVIN                        DIN: 07A5542    DOB: 09/29/1953
                                            CURRENT FAC: ATTICA GEN
REFERRING FAC  : ATTICA GEN              REFERRAL NUMBER: 17030901.03M
REFERRAL DATE  : 02/15/17 01:07P  TELEMED: N<N> REFERRAL TYPE  : PROCEDURE
TYPE OF SERVICE: CYSTOSCOPY              REFERRAL STATUS: SCHEDULED
URGENCY OF CARE: ROUTINE                 INTERPRETER:

MEDICAL HOLD: NO     TYPE:     REASON CODE:      EXP.DATE:
TRANSPORTATION : N    WHEELCHAIR  N    NURSE  N    AMBULANCE  N    LITTER  N    HCA
SENSORIAL IMPAIRMENT:
REFERRED BY: STEPHEN LASKOWSKI, MD         APPOINTMENT: 04/20/17   11:30A
REVIEWED BY: STEPHEN LASKOWSKI, MD         POS: ERIE COUNTY MEDICAL CEN.
                                           PROV: TURECKI, JAMES-URO

REASON FOR CONSULTATION:                    USER: 03/01/17 12:39P C000SML
( HX: PROSYAYE CA; URO REC CYS FOR FURTHER EVAL.                              )
( CURRENT SYMPTOMS: INCONTINANT OF URINE; PSA 2.25; DRE NOT PERFORMED-KNOWN C )
( A-WOULD NOT EFFECT MANAGEMENT.                                              )
(                                                                            )
(                                                                            )
==============================================================================
            ATTENTION: DO NOT INFORM INMATE OF FUTURE APPOINTMENT(S)

CONSULTANT REPORT:

S:        Hematuria & history of prostate
        Ca s/p radiation / seeds.

O:        Had Cystoscopy showing proximal urethral
        Stricture. Had DVIU.   20F
A:                                   ~~16F~~ Foley
        left in place

        - Foley to be removed  4/24/17
P:      - Cipro 500mg PO BID x 5d
        = Lortab 5/325 PO q6h PRN pain x 3d
        - Follow up / Wende clinic 1mo.

CONSULTANT SIGNATURE: _____    DATE: 7/20/17
IF FOLLOW-UP/PROCEDURE RECOMMENDED - REQUESTED BY __ / __ / __

* CONSULTATION IS A RECOMMENDATION.  FINAL DETERMINATION WILL BE MADE BY THE
  INMATE'S NYSDOCS PHYSICIAN.
==============================================================================

                                                    dg 4/21/17

NAME: DAVIS, KEVIN                          DIN: 07A5542    DOB: 09/29/1953
                                                CURRENT FAC: ATTICA GEN
REFERRING FAC   : ATTICA GEN                REFERRAL NUMBER: 17166451.01M
REFERRAL DATE   : 04/21/17 10:27A  TELEMED: N<N>  REFERRAL TYPE   : FOLLOW-UP
TYPE OF SERVICE : UROLOGY                   REFERRAL STATUS: SCHEDULED
URGENCY OF CARE : ROUTINE                   INTERPRETER:

MEDICAL HOLD: NO     TYPE:      REASON CODE:      EXP.DATE:
TRANSPORTATION : N   WHEELCHAIR  N   NURSE  N   AMBULANCE  N   LITTER  N   HCA
SENSORIAL IMPAIRMENT:
REFERRED BY: DEBBIE GRAF, RPA        APPOINTMENT: 05/19/17   12:30P
REVIEWED BY: DEBBIE GRAF, RPA        POS: WENDE RMU
                      MAY 2 2 2017   PROV: TURECKI, JAMES-URO

REASON FOR CONSULTATION:      BY:           USER: 04/21/17 10:27A C000DSG
  ( S/P CYSTOSCOPY WITH PROXIMAL URETHRAL STRICTURE 4/20/17, FOLEY TO BE REMOVE )
  ( D PRIOR TO VISIT, ON CIPRO, NEEDS F/U AT WENDE IN 1 MONTH                   )
  (                                                                             )
  (                                                                             )
  (                                                                             )
================================================================================
            ATTENTION: DO NOT INFORM INMATE OF FUTURE APPOINTMENT(S)

CONSULTANT REPORT:

S:                                              PSA  1.62
                                                    12/16
     S/P DVIU  4/17                                  1.88
O:                                                  11/16

   *no tightness* urethral stricture found

                                                    Creat 1.03
                                                         7/17

        urgency                               U/A ⊖
        urge incont                           Cx ⊖  7/17

P:

④ F/u        ① stop SILODOSIN
CONSULTANT SIGNATURE:                DATE:
IF FOLLOW-UP/PROCEDURE RECOMMENDED - REQUESTED BY __ / __ / __
                                                          Turecki dg
                                                          5/19/17  5/22/17
* CONSULTATION IS A RECOMMENDATION.  FINAL DETERMINATION WILL BE MADE BY THE
  INMATE'S NYSDOCS PHYSICIAN.
================================================================================
        ② √ PSA JULY 2017

        ③ √ start oxybutynin ER 10 mg daily po

NAME: DAVIS, KEVIN                          DIN: 07A5542   DOB: 09/29/1953
                                                 CURRENT FAC: ATTICA GEN
REFERRING FAC  : ATTICA GEN                 REFERRAL NUMBER: 17214646.01M
REFERRAL DATE  : 05/22/17 11:17A  TELEMED: N<N> REFERRAL TYPE  : FOLLOW-UP
TYPE OF SERVICE: UROLOGY                    REFERRAL STATUS: SCHEDULED
URGENCY OF CARE: ASSIGNED                   INTERPRETER:

MEDICAL HOLD: NO     TYPE:     REASON CODE:     EXP.DATE:
TRANSPORTATION : N   WHEELCHAIR  N   NURSE  N   AMBULANCE  N   LITTER  N   HCA
SENSORIAL IMPAIRMENT:
REFERRED BY: DEBBIE GRAF, RPA               APPOINTMENT: 09/01/17   12:30P
REVIEWED BY: DEBBIE GRAF, RPA               POS: WENDE RMU
                                           PROV: TURECKI, JAMES-URO

REASON FOR CONSULTATION:                    USER: 05/22/17 11:17A C000DSG
( FOLLOWED BY UROLOGY FOR URETHRAL STRICTURE, S/P DVIU 4/17, MEDICATIONS ADJU )
( STED, RECOMMENDATIONS FOR F/U IN AUGUST WITH PSA                            )
(                                                                            )
(                                                                            )
(                                                                            )
==================================================================================
          ATTENTION: DO NOT INFORM INMATE OF FUTURE APPOINTMENT(S)

CONSULTANT REPORT:

S:

O:

A:

P:

CONSULTANT SIGNATURE: _____   DATE: __/__/__
IF FOLLOW-UP/PROCEDURE RECOMMENDED - REQUESTED BY __ / __ / __

* CONSULTATION IS A RECOMMENDATION.  FINAL DETERMINATION WILL BE MADE BY THE
  INMATE'S NYSDOCS PHYSICIAN.

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
Division of Health Services

## INFIRMARY 24 HOUR ADMISSION & OBSERVATION SHORT FORM

309
A-1

Davis, K.                    0745542                    Attica
Patient's Name            DIN#                          Facility

### ADMISSION NOTE

Admit to infirmary for Cystoscopy 4/20/17

Deborah S. Graf, PA-C
DEA # MG0344539

4/19/17 at 9Am                                    DRaf RN
Date/ Time of Admission      Date/ Time Completed       Physician's Signature/ ID#

s/p Cystoscopy 4/20/17. **DISCHARGE SUMMARY** which revealed proximal
~~Scheduled for cystoscopy 4/20/17. Report to follow.~~
May dic p procedure if stable      urethral stricture. Foley removed 4/24/17 and

Deborah S. Graf, PA-C
DEA # MG0344539

4/20/17  8:15am      voiding was successful        DRaf RN
Date/ Time of Discharge    Date/ Time Completed    on Cipro. F/u Urology in    Physician's Signature/ ID#
                                                   1 month. Stable.

DRaf RN
4/24/17
at 9am

### HEALTH PROVIDER'S ORDER SHEET

Drug Sensitivity  yes/no  Specify: NKDA

| DATE | TIME/ AM/PM | ORDER | SIGNATURE/ CREDENTIALS | *MAR | *REQU | *MEDT | ACTION TAKEN SIGNATURE/ CREDENTIALS |
|------|------|------|------|------|------|------|------|
| 4/19/17 | | VS daily / PRN | | | | | |
| | | NPO p MN tonite | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VITALS | | | | | | | | TREATMENT OR MEDICATION DOSE & ROUTE & DATE OF MD ORDER | INITIAL | DATE | TIME |
|------|------|------|------|------|------|------|------|------|------|------|------|
| DATE | TIME | URINE | STOOL | BP | T | P | R | | | | |
| | | | | | | | | Lantus 10units Sq. | C Black | | |
| 4/19/17 | 9Pm | 98¹ | 2x02 PM | 135/76 | 97⁶ | 57 | 16 | Regular Insulin cov BID | | | 27/28 |
| 4/20/17 | 8¹¹ | 97⁴ | | 139/81 | 97⁹ | 69 | 16 | | | | |
| 4/22/17 | 8A | 97⁴ | | 101/58 | 99⁴ | 60 | 18 | meds: see MAR | | | |
| 4/24/17 | 9A | | | 120/72 | 97⁶ | 67 | 18 | | | | |
| | | | | | | | | New orders 4-20-17 s/p CYSTO | | | |
| **INITIAL KEY** | | | | | | | | ① Cipro 500mg PO BID | | | |
| INITIALS | | NAME | | | | | | x 5 days | | | |
| CB | | | | | | | | ② Cipro 500mg PO BID x 5 c/114 R | | | |
| SK | | P. Kuvert, RN | | | | | | ② TC#3 ī PO q 6⁰ PRN | | | |
| qr | | ga | | | | | | x 3 days  V/O Dr Jostambijfora | | | |
| | | | | | | | | ③ remove foley on 4-24-17 | | | |

# INFIRMARY 24 HOUR ADMISSION & OBSERVATION SHORT FORM

| Patient's Name | DIN# | Facility |
|---|---|---|
| Davis | 07A5542 | Attica |

| Date | Time Incl. AM/PM | Health Provider Progress Notes (Use Black Ink) Complete with Signature/Credentials — Do Not Leave Blank Lines Between Entries | Provider ID# |
|---|---|---|---|
| 4/19/17 | 9am | Admitted to infirmary for cystoscopy 4/20/17. Pt- A+0x3, VSS. Advised NPO p̄ MN tonite. Understanding verbalized. By nurse. Insulin MAR's from H₁. Self-carry meds with pt.      J. Willer RN 430 | |
| 4/19/17 | 3:15pm | FS 304. Lantus Insulin given Subcutaneous c̄ 8 units Regular Insulin coverage. I/m A+0x3, resting on rounds, θ medical c/o. Will monitor ——— Severt, RN ——— | |
| 4/20/17 | 8am | To OSH apt. ——————— J. Willer RN 430 | |
| 4/20/17 | 8:30pm | Return trip. OSH. Pt patient draining amber colored urine c̄ Pt Voids? led? S/P Cysto-DC'd @ this time - Compliant c̄ Meds insulin as ordered - Verbal order to Δ Tortate to TC#3 ї PO q 6° PRN x3 days per Dr. Jaskowski - VSS ____ | |
| 4/20/17 | 12A | c/o pain and foley leaking on round. T TC#3 provided as ordered, extra towel provided for foley. foley is draining amber urine, will pass in report that im's c/o leaking. θ other c/o stated at this time ___ J— 3/52 | |
| 4/21/17 | 9:25am | S: c/o discomfort from foley O: leg bag in place, draining amber urine A/P: ① S/P cystoscopy c̄ proximal urethral stricture - Cipro. May remove foley 4/24 | |

**INFIRMARY PHYSICIAN NOTE REQUIREMENTS**
New Admission - 1st two weeks, 3 notes/week
Continuing - 1/week or more frequently as indicated by Plan of Care

**INFIRMARY NURSING NOTE REQUIREMENTS**
New Admission - Once per shift for first 48 hours
Seriously ill - Once per shift
Chronically ill - Once per 24 hours

# PROGRESS NOTES
(To be used by all Health Providers)

| Davis, Kevin | | 07A5542 | | Attica | |
|---|---|---|---|---|---|
| **Patient's Name** | | **DIN** | | **Facility** | |

| Date | Time Incl. AM/PM | Health Provider Progress Notes (Use Black Ink)   Complete with Signature/Credentials<br>Do Not Leave Blank Lines Between Entries | Provider ID # |
|---|---|---|---|
| 4/24/17 | 10:00am | S: Foley removed this am.<br>O: Sitting on bed, NAD<br>A/P: ① s/p cystoscopy c̄ proximal urethral stricture. On Cipro. ~~Anto~~ Awaiting results of voiding trial. If successful, will d/c<br><div align=right>Graf RPA</div> | |
| 4/24/17 | 12:30pm | Voiding trial successful. Stable for d/c<br><div align=right>Graf RPA</div> | |
| 4/24/17 | 1pm | Order to discharge. Pt voided 300ml without difficulty. Self-carry meds returned to pt — pharmacy refilled self carry meds. To flu. ——— RN/30 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**INFIRMARY PHYSICIAN NOTE REQUIREMENTS**
**New Admission** - 1st two weeks, 3 notes/week
**Continuing** - 1/week or more frequently as indicated by Plan of Care

**RMU - PHYSICIAN NOTE REQUIREMENTS**
**Ill Patients** - As needed based on clinical judgement
**Routine Patient Encounters** - Minimum 1/week or more frequently as indicated by Plan of Care

**ANCILLARY SERVICES (DOCCS STAFF)**
(Psychologists, physical therapists, speech pathologists, occupational therapists, clinical nutrition staff, etc.) Whenever a range of services are provided on a routine basis (single visits done on Consultation Rpt.)

**INFIRMARY NURSING NOTE REQUIREMENTS**
**New Admission** - Once per shift for first 48 hours
**Seriously Ill** - Once per shift
**Chronically Ill** - Once per 24 hours

**RMU NURSING NOTE REQUIREMENTS**
**New Admission** - Once per shift for first 48 hours
**Critically ill** - Once per shift, more frequently as condition warrants
**Chronically ill** - Every shift by Nurse in Charge to document findings of Nurse's Health Care Assistant (HCA), by HCA when vital signs taken, Monthly by Primary Care Nurse including complete assessment, Periodically to document encounters, i.e. changes in patient status, PRN medication administration including reason and reaction, refusal of treatment and visitors.

NAME: DAVIS, KEVIN                          DIN: 07A5542    DOB: 09/29/1953
                                               CURRENT FAC: ATTICA GEN
REFERRING FAC  : ATTICA GEN                 REFERRAL NUMBER: 17373015.01M
REFERRAL DATE  : 09/05/17 10:27A  TELEMED: N<N>  REFERRAL TYPE  : FOLLOW-UP
TYPE OF SERVICE: UROLOGY                    REFERRAL STATUS: SCHEDULED
URGENCY OF CARE: ASSIGNED                   INTERPRETER:

MEDICAL HOLD: NO    TYPE:    REASON CODE:   EXP.DATE:
TRANSPORTATION : N   WHEELCHAIR N   NURSE N  AMBULANCE N   LITTER N   HCA
SENSORIAL IMPAIRMENT:
REFERRED BY: DEBBIE GRAF, RPA               APPOINTMENT: 01/26/18    12:30P
REVIEWED BY: DEBBIE GRAF, RPA  JAN 29 2018       POS: WENDE RMU
                                                PROV: SUFRIN, GERALD-URO

REASON FOR CONSULTATION:                    USER: 09/05/17 10:27A C000DSG
  ( FOLLOWED BY UROLOGY FOR URETHRAL STRICTURE, S/P DVIU 4/17, ON OXYBUTYNIN, R )
  ( ECOMMENDATIONS FOR F/U IN JAN WITH PSA                                      )
  (                                                                             )
  (                                                                             )
  (                                                                             )
===============================================================================
         ATTENTION: DO NOT INFORM INMATE OF FUTURE APPOINTMENT(S)

CONSULTANT REPORT:

S:      PT is 65 Y.O. PT Had PSA Values

      as follows       PSA
      11/12/15       1.88 ng/ml
       8/25/17       2.69 ng/ml

O:     11/8/17        1.48 ng/ml

      In Records PT Apparently had "IMRT
and Seed Implant" per Note of 6/20/16 (Date of Procedure Not clear)
for Prostate Cancer. In note of 12/28/16 of Patient
Record it is recorded That PT is s/p "IMRT +
Brachy Therapy. PT underwent DVIU on 4/20/17
for Urethral Stricture. Patient states at present
He is voiding = problem. No strain to void. No
decrease in force of size of urinary stream. Patient
states He now has E.D. and is unable to attain
erection. PT Has Diabetes X 13 Years.

CONSULTANT SIGNATURE: _____        DATE: 1/26/18
IF FOLLOW-UP/PROCEDURE RECOMMENDED - REQUESTED BY ___ / ___ / ___

* CONSULTATION IS A RECOMMENDATION.  FINAL DETERMINATION WILL BE MADE BY THE
  INMATE'S NYSDOCS PHYSICIAN.    April 2018                        dg 1/29/18
===============================================================================
Rec: (1) PSA in April 2018
     (2) RTC to see me May 2018    1/29/18
         with Results of (1)

KEVIN DAVIS,07-A-5542

ATTICA CORRECTIONAL FACILITY

639 Exchange Street

Attica,New York 14011-0149



RECEIVED

SEP 13 2018

CLERK'S OFFICE
S.D.N.Y.

LEGAL MAIL

RECEIVED
SDNY DOCKET UNIT
2018 SEP 14 AM 9: 26

ATTICA CORR FACILITY



Pro Se
SM

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

DANIEL PATRICK MOYNIHAN COURTHOUSE

500 PEARL STREET

NEW YORK,NEW YORK 10007

LEGAL MAIL