UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN DAVIS,

                Petitioner,

-against-

J. NOETH, SUPERINTENDENT,

                Respondent.

18-CV-8426 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

Petitioner, currently incarcerated at Attica Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging the constitutionality of his judgment of conviction rendered in the New York Supreme Court, New York County, on September 24, 2007. By order dated October 4, 2018, the Court granted Petitioner's request to proceed *in forma pauperis*. The Court directs Petitioner to show cause within sixty days of the date of this order why this application should not be denied as time-barred.

## DISCUSSION

### A.     Applicable Statute of Limitations

Petitioner's application may be time-barred. A prisoner seeking *habeas* relief under § 2254 must generally file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2).

Petitioner alleges that he was convicted and sentenced on September 24, 2007, in the New York County Supreme Court. Subsequently, the New York Supreme Court, Appellate

Division, First Department ("Appellate Division"), affirmed the conviction on February 10, 2009. *See People v. Davis*, 872 N.Y.S.2d 279 (1st Dep't Feb. 10, 2009). As Petitioner does not allege that he sought further leave to appeal in the New York Court of Appeals ("Court of Appeals") – the state highest court – his conviction became final following the expiration of the 30-day period of time to seek such leave in the Court of Appeals, on March 12, 2009. *See* N.Y. Crim. Pro. L. § 460.10(5); *see also Gonzalez v. Thaler*, 565 U. S. 134, 154 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires."). Petitioner placed this petition in the prison mailing system on September 4, 2018, more than nine years, five months, and three weeks after his judgment of conviction became final.

Under the Antiterrorism and Effective Death Penalty Act of 1996, when postconviction motions are filed before the expiration of the statute of limitations, those motions and related state-court proceedings may toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Postconviction motions filed after the limitations period expires, however, do not start the limitations period anew. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period.

Here, Petitioner asserts that beginning in September 2013, he filed two postconviction motions under N.Y. Crim. Proc. Law § 440.20 in the New York County Supreme Court, which were denied on March 20, 2014, and June 11, 2014 respectively. Petitioner then filed a motion to vacate the judgment and a petition for a writ of error *coram nobis*, which the New York County

2

Supreme Court denied on January 30, 2017. The Appellate Division subsequently denied Petitioner leave to appeal the denial of the motion on April 25, 2017, but Petitioner submitted a petition for reargument, which was denied on March 27, 2018. The Appellate Division also denied the *coram nobis* petition on May 22, 2018, and the Court of Appeals denied leave to appeal on the *coram nobis* application on August 22, 2018, *see People v. Davis*, 2018 WL 4331904 (Table) (N.Y. May 21, 2018).

The petition for a writ of *habeas corpus* is untimely. Petitioner's one-year statute of limitations period began to run on March 12, 2009, thirty days after the Appellate Division affirmed his conviction. By the time he began to file his postconviction motions, the statute of limitations had already expired. Petitioner acknowledges that his *habeas corpus* petition is untimely, but asserts that he was diagnosed with prostate cancer on September 29, 2015, underwent radiation treatment and seed implantation on March 15, 2016, and had two surgeries. He states "[f]or me due to health reason 'Prostate Cancer' sugery's [sic] I was unable to accurately take care of myself needless to say put together this application/writ of *habeas corpus*." (Pet. at 14.) Although the Court is sympathetic to Petitioner's medical condition, the statute of limitations to file this petition expired on March 12, 2010, well before he was diagnosed with cancer. Petitioner's filing of postconviction motions beginning in September 2013, did not reset the limitations period

**B.     Show Cause**

The Court grants Petitioner sixty days' leave to show cause why this application should not be denied as time-barred. Petitioner may do so using the attached declaration form. Should Petitioner decide to submit a declaration, he must allege facts showing why this petition should

3

not be denied as time-barred.[1] Petitioner should allege any facts demonstrating that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this petition before the expiration of the statute of limitations on March 12, 2010. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (holding that one-year limitations period under § 2244(d) for *habeas corpus* petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases).

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. Within sixty days of the date of this order, Petitioner must show cause why the petition should not be denied as time-barred. A declaration form is attached to this order. If Petitioner timely files a declaration, the Court will review it, and if proper, will order that the petition be served on Respondent. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied. No answer shall be required at this time.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

---

[1] Petitioner should also include in the declaration a listing of (1) the dates that all postconviction applications in state court challenging this conviction were filed, including all motions under N.Y. Crim. P. L. § 440, and any other postconviction applications, (2) when any postconviction applications were decided, (3) the dates that any appeals or applications for leave to appeal from those decisions were filed, (4) when those appeals or applications were decided, and (5) when Petitioner received notice of any state court decisions on those applications and appeals. See 28 U.S.C. § 2244(d)(2).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 10, 2018
             New York, New York

                                                                         Louis L. Stanton
                                                                              U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|
| Name | Prison Identification # (if incarcerated) |
| Address | City | State | Zip Code |
| Telephone Number (if available) | E-mail Address (if available) |