UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN DAVIS,

                                  Petitioner,

                        v.

J. NOETH, SUPERINTENDENT,

                                Respondent.

No. 18 Civ. 8426 (LGS)(OTW)

**MEMORANDUM OF LAW IN OPPOSITION TO
PETITION FOR A WRIT OF HABEAS CORPUS**

PAUL B. LYONS
MATTHEW B. KELLER
 *Assistant Attorneys General*
    *of Counsel*

LETITIA JAMES
 *Attorney General*
 *State of New York*
Attorney for Respondent
28 Liberty Street
New York, New York 10005
(212) 416-6072

Dated: March 29, 2019

**TABLE OF CONTENTS**

Page

**INTRODUCTION** .................................................................................................................. 1

**FACTUAL AND LEGAL BACKGROUND** ........................................................................ 2

    A.     ARREST & INDICTMENT ................................................................................ 2

    B.     GUILTY PLEA & SENTENCE ......................................................................... 4

    C.     PRE-APPEAL CPL ARTICLE 440 MOTIONS & DIRECT APPEAL ............. 4

    D.     POST-APPEAL CPL § 440.10 MOTIONS ..................................................... 6

    E.     *CORAM NOBIS* MOTION ................................................................................. 7

    F.     THE PETITION ................................................................................................ 8

**ARGUMENT** ......................................................................................................................... 8

    POINT I:   THE PETITION IS UNTIMELY ..................................................... 8

    POINT II:  THE PETITION IS MERITLESS ................................................ 11

**CONCLUSION** ................................................................................................................... 14

**INTRODUCTION**

On December 8, 2004, Kevin Davis ("petitioner") sexually assaulted two women within hours of one another. In New York County, petitioner forced a woman into the vestibule of an apartment building and, displaying a weapon, forced her to perform oral sex while he fondled her breasts and vagina. When that attack was foiled by two good Samaritans, petitioner traveled across the East River to the Bronx, where he raped a second woman at gunpoint.

In 2007, petitioner pleaded guilty to Criminal Sexual Act in the First Degree in connection with the New York County attack.[1] Based on his prior violent felony convictions for criminal possession of a weapon and rape, petitioner was sentenced as a persistent violent felony offender ("PVFO") to an indeterminate prison term of twenty years to life. In 2009, the Appellate Division, First Department, granted appellate counsel's motion to be relieved on the ground that there were no non-frivolous issues for appellate review. *People v. Davis*, 59 A.D.3d 219 (1st Dep't 2009). Petitioner did not seek leave to appeal to the New York Court of Appeals. Petitioner filed a series of post-conviction motions pursuant to N.Y. C.P.L. Article 440, all challenging his designation as a PVFO and counsel's performance with respect to that designation. All motions were denied, as was petitioner's *coram nobis* application challenging appellate counsel's performance with respect to the PVFO designation.

In this *pro se* habeas corpus petition (ECF #2, "Pet."), filed under 28 U.S.C. § 2254, petitioner again claims that he was improperly sentenced as a PVFO and that his plea counsel was

---

[1] For the Bronx assault, which is not at issue here, petitioner ultimately pleaded guilty to attempted rape and was sentenced as a persistent violent felony offender to 16 years to life imprisonment. *See People v. Davis*, 93 A.D.3d 524 (1st Dep't 2012), *leave denied*, 19 N.Y.3d 995 (2012).

ineffective for failing to properly investigate his criminal history, resulting in that designation. (Pet. at 5-7, 21-22.)[2] The Petition should be denied for two independent reasons. First, as Judge Stanton previously concluded, the Petition is untimely by over 8 years. (ECF #6.) Petitioner alleges no basis for excusal from the applicable one-year limitations period, *see* 28 U.S.C. § 2244(d)(1), or for statutory or equitable tolling. Second, even if the Petition were timely, which it is not, it alleges no basis upon which the writ can be granted. Petitioner's challenge to his PVFO designation is a noncognizable state law claim. And the state court correctly rejected petitioner's ineffective counsel claim because it was petitioner's own violent criminal history, rather than any investigative step taken or not taken by counsel, that resulted in the accurate PVFO designation. Moreover, counsel provided effective assistance by negotiating a plea offer for the lowest possible sentence, including a provision that the sentence would run concurrently with the sentence for the Bronx County conviction.

Accordingly, the Petition should be dismissed and no certificate of appealability should issue.

## FACTUAL AND LEGAL BACKGROUND

**A.    ARREST & INDICTMENT**

On December 8, 2004, in New York County, petitioner, using what appeared to be a firearm, forced the victim into the vestibule of an apartment building, forced her to put her mouth on his penis, and groped the victim's breasts and vaginal area. Petitioner fled after two

---

[2] Page citations for docket entries refer to the pagination generated by CM/ECF, the Court's electronic filing system, appearing in the upper-right corner of the page.

eyewitnesses came into the adjoining hallway and saw petitioner assaulting the victim. (State Record ("SR") 286-87.)[3] In May 2005 petitioner was indicted for first-degree criminal sexual act, attempted first-degree criminal sexual act, two counts of second-degree burglary, and three counts of first-degree sexual abuse. (SR 237-40, 371-78.)

Following the New York County assault, petitioner traveled to the Bronx where, a few hours later, he raped a second victim ("the Bronx case"). (SR 201-02, 287-90.) After DNA from the Bronx rape matched petitioner's DNA, he pleaded guilty to attempted first-degree rape and was sentenced as a persistent violent felony offender ("PVFO") to 16 years-to-life in prison. That conviction was affirmed on appeal. *People v. Davis*, 93 A.D.3d 524 (1st Dep't 2012), *leave denied*, 19 N.Y.3d 995 (2012). The Appellate Division held there that petitioner had been properly sentenced as a persistent violent felony offender. *Id.*

---

[3] The victim's name has been redacted from the attached State Records. Respondent is prohibited by New York Civil Rights Law from disclosing any court file or other document that identifies, or tends to identify, a sex offense victim. N.Y. Civil Rights Law § 50-b(1); *Matter of NY Civ. Liberties Union v NY City Police Dept.*, 32 N.Y.3d 556 (2018). In the interest of comity to New York's Civil Rights Law and the policies it embodies, habeas courts in this Circuit often permit redaction, and even sealing in their entirety, of state court records. *See*, *e.g.*, Order, *Williams v. Lempke*, ECF #7 in No. 11 Civ. 2504 (S.D.N.Y. Jun. 20, 2011) (sealing state court record and transcripts); *Felder v. Goord*, 564 F. Supp. 2d 201, 209 n.2 (S.D.N.Y. 2008) (state court transcript sealed); *see also Parker v. Graham*, No. 18 Civ. 6106, 2019 U.S. Dist. LEXIS 27763 (W.D.N.Y. Feb. 21, 2019).

Moreover, the victim here has a constitutional interest in the privacy of her status as a sex abuse victim. *See Sealed Plaintiff #1 v. Farber*, 212 F. App'x 42, 43 (2d Cir. 2007) (sex abuse victim status is "clearly the type of 'highly personal' information that we have long recognized as protected by the Constitution"); *Doe v. Putnam County*, No. 16 Civ. 8191, 2018 U.S. Dist. LEXIS 169727, at *43-46 (S.D.N.Y. Sep. 28, 2018).

**B.     GUILTY PLEA & SENTENCE**

With respect to the New York County assault that is the subject of the instant Petition, no DNA sample was obtained initially. However, in 2006, newly-available technology helped investigators develop a DNA profile from a baseball cap left by petitioner at the scene. (SR 289-90.) That profile matched petitioner's DNA obtained in the Bronx case. Accordingly, in August 2007, petitioner pleaded guilty in the New York county case to one count of first-degree criminal sexual act. (SR 236, 379.) The following month he was adjudicated a PVFO and sentenced to an indeterminate prison term of twenty years to life, to run concurrently with the sentence in the Bronx case. (SR 236.) The PVFO designation was based on petitioner's admitted prior convictions: in 1983 for third-degree criminal possession of a weapon, for which he was sentenced to five years' probation; and in 1985 for first-degree rape, for which he was sentenced as a second violent felony offender to 12½ to 25 years in prison. (SR 24-29, 379.)

**C.     PRE-APPEAL CPL ARTICLE 440 MOTIONS & DIRECT APPEAL**

In February 2008, petitioner moved *pro se* to set aside his sentence pursuant to New York Criminal Procedure Law ("CPL") § 440.20 on the ground that the PVFO designation was erroneous and counsel had been ineffective for not challenging the designation. (SR 1-10.) Petitioner noted that he had committed the rape underlying the 1985 conviction while still on probation for the 1983 weapons possession conviction and, consequently, his probation had been revoked and he had been resentenced on the weapons conviction. Petitioner reasoned that, because the new sentence on the weapons conviction had run concurrently with the sentence for the rape conviction, the two predicate convictions were actually a single violent felony for sentencing purposes. (*Id.*) The People opposed the motion (SR 11-21) and petitioner submitted a reply (SR

4

40-42). In March 2008, the trial court denied the motion, concluding that, for sentencing purposes, the relevant date of the weapons conviction was the original 1983 sentencing date, not the 1985 resentencing date, and that the two convictions did not constitute a single violent felony for sentencing purposes. (SR 44.) Petitioner did not seek leave to appeal the court's denial of the motion.

In August 2008, petitioner filed a second CPL § 440.20 motion on the ground that the then-recent decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008), recognizing an individual Second Amendment right, retroactively invalidated his 1983 weapons conviction. (SR 45-55.) The trial court denied that motion on the ground that *Heller* was not retroactive. (SR 45.) Petitioner sought leave to appeal that ruling to the Appellate Division, First Department. (SR 57-66.) The People opposed leave (SR 79) and, in November 2008, the Appellate Division granted leave and consolidated the appeal with petitioner's pending direct appeal. (SR 83.)

Meanwhile, in October 2008 petitioner's assigned appellate counsel on direct appeal filed a brief seeking leave to withdraw pursuant to *People v. Saunders*, 52 A.D.2d 833 (1st Dep't 1976), on the ground that there were no valid issues to be raised on appeal. (SR 67.) Specifically, counsel noted that the record revealed that petitioner's guilty plea was valid and that he had been sentenced, as promised, to the minimum sentence available to a persistent violent felony offender, like petitioner, convicted of a Class B violent felony. (SR 72-73.) With respect to the PVFO designation, counsel noted that petitioner's 1985 resentencing on the 1983 conviction did not affect its use as a predicate offense. (SR 73 n.3.) As required, appellate counsel sent petitioner a copy of the brief and advised him to seek leave to file a pro se supplemental brief if he wished to raise any issues. (SR 77.) The People took no position on counsel's *Saunders* application. (SR 84.)

In February 2009, the Appellate Division granted appellate counsel's motion to withdraw and dismissed the appeal. *People v. Davis*, 59 A.D.3d 219 (1st Dep't 2009). The court further advised petitioner of his opportunity to seek leave to appeal to the Court of Appeals within 30 days of service of the court's order. The People served notice of the order on February 17, 2009. (SR 86.) Rather than seek leave to appeal to the Court of Appeals, petitioner moved the Appellate Division to vacate its order dismissing the appeal, which the Appellate Division denied in November 2009.[4] (SR 89.)

### D.  POST-APPEAL CPL § 440.10 MOTIONS

In July 2013 petitioner filed a third CPL Article 440 motion repeating the claims that he had been sentenced as a PVFO in error and that he had received ineffective assistance of counsel in connection with that determination. The People opposed that motion.[5] In March 2014, the trial court denied the motion, concluding that petitioner was properly sentenced as a PVFO based on his 1983 and 1985 convictions and that the ineffective counsel claims were meritless. (SR 91-94.)

In April 2014 petitioner filed a fourth CPL Article 440 motion again taking issue with his PVFO designation, this time arguing that the trial court had engaged in judicial factfinding in

---

[4] This Office has requested copies of this motion, and any responsive papers, from both the Appellate Division and the New York County District Attorney's Office ("NYCDA"), the prosecuting agency. The NYCDA file does not have a copy of the motion, and the Appellate Division has advised that it does not maintain files going back to 2009. The State Record reveals that the basis of petitioner's motion was his contention that he had not received appellate counsel's proposed *Saunders* brief. (SR 204 n.3.) However, petitioner's appellate counsel affirmed that the brief had been sent to petitioner prior to filing, and contemporaneous correspondence reveals that petitioner was aware for months that counsel planned on seeking to withdraw. (*Id.*; SR 77-78.)

[5] NYCDA advises that it does not have copies of the third CPL Article 440 motion or the People's response. The trial court advises that it has ordered the case file from offsite storage. If the missing papers are found in that file we will provide them to the Court.

6

violation of *Alleyne v. United States*, 570 U.S. 99 (2013), and *Descamps v. United States*, 570 U.S. 254 (2013). (SR 95-105.) The People opposed the motion (SR 114-22) and petitioner filed a reply (SR 123-25). In June 2014 the trial court denied the motion on the procedural ground that petitioner could not seek relief "upon the same grounds" asserted in the third CPL Article 440 motion. (SR 128 (citing CPL § 440.10(3)(b)).)

Petitioner sought leave to appeal the denial of the third and fourth CPL Article 440 motions. (SR 129-34.) The People opposed leave. (SR 136-37.) In September 2014 the Appellate Division denied leave to appeal. (SR 140.)

Petitioner filed a fifth CPL Article 440 motion in September 2016. (SR 141-67.) Again, petitioner challenged the PVFO designation and trial counsel's performance with regard to that issue. In January 2017, the court denied the motion pursuant to its earlier decisions denying the third and fourth CPL Article 440 motions. (SR 170.) Petitioner sought leave to appeal that decision (SR 171-76) and the People opposed leave (SR 177-78). The Appellate Division denied leave in April 2017. (SR 180.) Petitioner sought leave to reargue that denial or, alternatively, leave to appeal to the Court of Appeals. (SR 196-99.) The People opposed. (SR 210-11.) In March 2018 the Appellate Division denied the motion in its entirety. (SR 213.)

### E. *CORAM NOBIS* MOTION

In February 2018, petitioner moved the Appellate Division for a writ of error *coram nobis* on the ground that appellate counsel was ineffective for failing to challenge the PVFO designation. (SR 190.) The People opposed the motion. (SR 201-08.) The Appellate Division denied the motion in May 2018. (SR 214-15.) Petitioner sought leave to appeal to the Court of Appeals. (SR

7

216-20.) The People opposed (SR 222-24) and, in August 2018, the Court of Appeals denied leave (SR 225).

      **F.**      **THE PETITION**

Petitioner filed the instant habeas petition on September 13, 2018. By Order entered October 10, 2018, Judge Stanton ruled that the Petition was time-barred and directed petitioner to show cause why this action should not be dismissed. (ECF #6 at 3-4.) Petitioner filed a response. (ECF #7.) On January 28, 2019, the case was reassigned and respondent was directed to answer the Petition. (ECF #11.)

## ARGUMENT

### POINT I:   THE PETITION IS UNTIMELY

As Judge Stanton previously concluded, the Petition is untimely by approximately 8½ years. (ECF #6.) Nothing in petitioner's response to the Court's Show Cause Order establishes timeliness. Accordingly, the Court should dismiss the Petition as untimely.

AEDPA's one-year limitations period begins to run from the latest of a number of triggering dates. As relevant here, the limitations period began running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, the Appellate Division dismissed petitioner's appeal on February 10, 2009. Petitioner admittedly did not seek leave to appeal to the Court of Appeals. (Pet. at 2, ¶ 9(g).) Accordingly, the conviction became final when the time for seeking leave expired on, at the latest, March 19, 2009, thirty days after the People served petitioner with

notice of the Appellate Division's decision. (SR 86.)[6] *See Crawford v. Costello*, 27 F. App'x 57, 59 (2d Cir. 2001); *Blair v. Heath*, No. 12 Civ. 1001 (VB), 2013 U.S. Dist. LEXIS 161078, at *3-4 (S.D.N.Y. Nov. 8, 2013); *see also Trimm v. Kirkpatrick*, No. 9:18 Civ. 0287, 2018 U.S. Dist. LEXIS 41720, at *4 (N.D.N.Y. Mar. 14, 2018) (citing cases). Thus, petitioner was required to file a habeas petition on or before March 19, 2010. However, petitioner did not file the Petition until September 13, 2018, 8 years, 5 months and 25 days after the limitations period expired.

Petitioner is not entitled to any statutory tolling for time during which his many postconviction motions were pending. *See* 28 U.S.C. § 2244(d)(2). As Judge Stanton concluded, petitioner's first post-appeal Article 440 motion was filed in July 2013 (SR 92), more than 3 years after the limitations period expired. (ECF #6 at 3.) It is well settled that the AEDPA limitations period is not "reset" by the filing of a state collateral proceeding, such as a CPL § 440.10 motion, after the one-year limitations period has already expired. *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam); *Ramirez v. Supt.*, No. 17 Civ. 7185 (PAE)(HBP), 2019 U.S. Dist. LEXIS 1185, at *19 n.8 (S.D.N.Y. Jan. 2, 2019). Accordingly, the Petition should be dismissed unless petitioner can demonstrate that he is entitled to equitable tolling for the entirety of the 101-month period following the statutory deadline, or that he is entitled to relief from the limitations bar entirely.

---

[6] The Court's Order to Show Cause measured the 30-day period for seeking leave to appeal from the date of the Appellate Division's Order affirming (February 10, 2009) as opposed to the date of the People's Notice of Entry (February 17). (ECF #6 at 2.) District courts in this Circuit have used both dates. *Compare Blair v. Heath*, 2013 U.S. Dist. LEXIS 161334, at *3 (S.D.N.Y. Jul. 16, 2013) (Report) (using date petitioner "received notice" of Appellate Division decision, approximately two weeks after date of decision), *with Trimm*, 2018 U.S. Dist. LEXIS 41720, at *4 (using date of decision). Out of an abundance of caution, we measure the period from the later, February 17, date. Our analysis is consistent with the Court's in all other respects.

9

Petitioner is not entitled to equitable tolling, which is available only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). Petitioner bears the burden of establishing that he is entitled to equitable tolling, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), which should be granted only in "rare and exceptional circumstances," *Smith*, 208 F.3d at 15. Petitioner cannot bear that burden here. Judge Stanton correctly concluded that petitioner's cancer diagnosis and treatment beginning in 2015 did not warrant equitable tolling, because the statute of limitations expired in March 2010, "well before he was diagnosed with cancer." (ECF #6 at 3.) In short, his cancer diagnosis did not "cause[ ] him to miss the original filing deadline." *Taylor v. Racette*, 709 F. App'x 105, 106 (2d Cir. 2018) (citation omitted).

Petitioner argues incorrectly that, following the Appellate Division's 2009 dismissal of his direct appeal, he was not required to seek leave from the Court of Appeals, and that his "only recourse" was to seek further review in the Appellate Division. (ECF #7 at 2-3.) Petitioner's ignorance of the law on what he was required to do in order to exhaust "does not constitute a rare and extraordinary circumstance that would merit equitable tolling." *Wallace v. Supt.*, No. 13 Civ. 3989 (NSR)(PED), 2014 U.S. Dist. LEXIS 86975, at *18 (S.D.N.Y. Apr. 7, 2014) (citing *Ruiz v. Poole*, 566 F. Supp. 2d 336, 341 (S.D.N.Y. 2008)); *accord Jenkins v. Greene*, 630 F.3d 298, 305 (2d Cir. 2010) (petitioner's "mistaken reading of New York case law . . . is not a basis for equitable tolling"); *Smith*, 208 F.3d at 18 ("[Petitioner's] *pro se* status ... does not merit equitable tolling."); *Smith v. Lee*, No. 11 Civ. 8376 (PAE), 2013 U.S. Dist. LEXIS 80330, at *29 (S.D.N.Y. Jun. 7, 2013). In any event, petitioner cannot plausibly claim ignorance here, because the Appellate Division's order dismissing his appeal explicitly advised him of his right to "apply for leave to

appeal to the Court of Appeals" within 30 days. *Davis*, 59 A.D.3d at 219 (SR 87.) Moreover, petitioner makes no colorable argument that any equitable tolling due to such ignorance would extend for the 3-year period required to bridge the gap from the expiration of limitations period in March 2010 to the filing of his next postconviction motion in July 2013.

Lastly, petitioner does not allege, much less establish, that an "equitable exception" to the limitations period exists, as petitioner does not claim that he is actually innocent. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Such a claim requires "new evidence" of innocence so compelling that, if heard by the jury, it is "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536-37 (2006); *see also McQuiggin*, 569 U.S. at 386-87 ("tenable actual-innocence gateway pleas are rare"). In his numerous state court filings, petitioner has never claimed innocence for any of his crimes.[7] Rather, he has repeatedly challenged his PVFO designation and the related sentencing enhancement it entailed. Accordingly, the Petition is untimely and should be dismissed.

### POINT II: THE PETITION IS MERITLESS

Even if the Court were to find the Petition timely, habeas relief is not available. This Court may grant the writ only if it finds that the state courts' rejection of petitioner's claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). This standard is "difficult to meet" and "demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citations omitted). Indeed, relief is only available where

---

[7] In the Petition, petitioner for the first time referred to the charge he pleaded guilty to as "patently unmeritorious." (Pet. at 7.) This bare, conclusory characterization does not establish a gateway innocence claim.

11

the state court ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).  In addition, habeas relief is available only for claims that a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Accordingly, a claim that a state conviction "was obtained in violation of state law is not cognizable in the federal court."  *Howard v. Walker*, 406 F.3d 114, 121 (2d Cir. 2005) (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)).

Here, petitioner's claim that he was improperly adjudicated a PVFO is not cognizable on habeas review.  "Whether a New York court erred in applying a New York recidivist sentencing enhancement statute is a question of New York State law, not a question of fact."  *Saracina v. Artus*, 452 F. App'x 44, 46 (2d Cir. 2011); *accord Ramirez*, 2019 U.S. Dist. LEXIS 1185 at *13-14 ("well established" that challenge to PVFO sentence not cognizable) (citing decisions).

To the extent that petitioner has variously claimed in state court that his PVFO status violated Supreme Court decisions regarding the Second Amendment (SR 45-55) or judicial factfinding in sentencing (SR 95-105), those claims are meritless.  A Second Amendment challenge to petitioner's 1983 weapons conviction based on *Heller* is meritless: New York courts have consistently held that New York criminal statutes regulating the possession of weapons do not violate *Heller* "because they do not 'effect a complete ban on handguns.'" *Moreno v. NY City Police Dept.*, No. 10 Civ. 6269 (DAB)(RLE), 2011 U.S. Dist. LEXIS 76129, at *10-11 (S.D.N.Y. May 6, 2011) (collecting cases); *see also People v. Mitchell*, 129 A.D.3d 1319 (3d Dep't 2015). Petitioner provides no support for a different result with respect to his conviction, in 1981, for possession of a loaded pistol outside of his home or place of business.  (SR 159-60.)

With respect to judicial factfinding, New York and federal courts have consistently upheld New York's persistent felony offender sentencing scheme against such challenges. *See Goodwine v. Lee*, No. 10 Civ. 6019 (VB), 2016 U.S. Dist. LEXIS 160106, at *36-37 (S.D.N.Y. Nov. 17, 2016) (rejecting *Alleyne*/*Descamps* challenge to PVFO designation); *see also People v. Prindle*, 29 N.Y.3d 463 (2017). Accordingly, any federal claim suggested by the State Record is meritless.

Petitioner also claims that he received ineffective assistance of counsel on the ground that the PVFO designation was the result of counsel's deficient investigation of petitioner's criminal history. (Pet. at 5-7.) To demonstrate ineffective counsel in violation of the Sixth Amendment, petitioner must show that his counsel supplied deficient representation and that the petitioner was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel is "strongly presumed" to have rendered adequate assistance and to have exercised reasonable professional judgment in making all significant decisions. *Id*. at 686, 689-90. With respect to an attorney's pretrial investigation, counsel's judgments receive a "heavy measure of deference." *Weingarten v. United States*, 700 F. App'x 43, 45 (2d Cir. 2017) (quoting *Strickland*, 466 U.S. at 691). To demonstrate prejudice, petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. On habeas review, a state court's adjudication of an ineffective counsel claim is "'doubly deferential' in order to afford 'both the state court and the defense attorney the benefit of the doubt.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (per curiam).

Here, petitioner cannot show either deficient performance or prejudice. The New York courts have repeatedly concluded that petitioner is a PVFO based on his 1983 weapons conviction and 1985 rape conviction. In connection with the Bronx case, the First Department explained in detail why petitioner's challenge to his PVFO designation is meritless. *Davis*, 93 A.D.3d at 524-

13

25.[8]  Petitioner's appellate counsel was constrained to admit that the PVFO designation was correct.  (SR 73 n.3.)  Accordingly, petitioner's PVFO designation resulted from his own violent criminal history, and no different investigative method by counsel would have changed that result.  As it was, counsel was able to negotiate the lowest possible sentence for petitioner and to have that sentence run concurrently with the sentence in the Bronx case, a significant benefit. (SR 73, 236.)  Applying the double deference required under *Strickland* and AEDPA, this Court should deny petitioner's ineffective counsel claim as meritless.

## CONCLUSION

For the reasons set forth above, this Court should deny the petition for a writ of habeas corpus and should not issue a certificate of appealability.

Dated:    New York, New York
          March 29, 2019

                                    Respectfully submitted,

                                    LETITIA JAMES
                                      *Attorney General*
                                      *State of New York*
                                    Attorney for Respondent

                              By:   */s/ Matthew B. Keller*
                                    MATTHEW B. KELLER
                                    Assistant Attorney General
                                    28 Liberty Street
PAUL B. LYONS                       New York, New York 10005
MATTHEW B. KELLER                   (212) 416-6072
  *Assistant Attorneys General*
       *of Counsel*

---

[8] That court rejected petitioner's oft-repeated claim that his resentencing for the 1983 conviction somehow merged his two predicate violent felonies into one sentence, noting that "the revocation of probation on the prior offense may not be employed to leapfrog the sentence forward so as to vitiate its utility as a sentencing predicate."  93 A.D.3d at 524-25 (citing *People v. Newton*, 91 A.D.3d 1281 (4th Dep't 2012)) (alterations and internal quotations omitted).