UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KEVIN DAVIS,

                    Petitioner,              18-CV-8426 (LGS) (OTW)

         -against-                  **REPORT & RECOMMENDATION TO THE HONORABLE LORNA G. SCHOFIELD**

J. NOETH, SUPERINTENDENT,

                    Respondent.
-----------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

**I.    Introduction**

Petitioner Kevin Davis brings this *habeas corpus* proceeding in accordance with 28 U.S.C. § 2254, seeking to challenge his 2007 sentence for Criminal Sexual Act in the First Degree, P.L. § 130.50(1). (ECF 2 at 1) (Petition for Writ of Habeas Corpus, hereinafter "Pet."). On September 24, 2007, after pleading guilty, Petitioner was sentenced to an indeterminate term of twenty years to life. (Pet. at 1). On September 14, 2018, Petitioner filed the instant petition. (Pet.)

On October 10, 2018, the Honorable Louis L. Stanton issued an Order to Show Cause within sixty days why the application should not be denied as time barred. (ECF 6). Judge Stanton found that while the Petition was untimely, Petitioner should address if the petition should be subject to equitable tolling under *Holland v. Florida*, 560 U.S. 631, 645-49 (2010). Petitioner filed a response to the Order to Show Cause. (ECF 7). Subsequently, the case was reassigned to The Honorable Lorna G. Schofield and referred to me for a Report and Recommendation. Respondent, after being directed to respond, then filed a Memorandum of

Law in opposition to Petitioner's application for a writ of habeas corpus (ECF 15) (Opposition Memorandum of Law, hereinafter "Opp'n Mem.") and an Answer including Petitioner's state court records (ECF 16-17).[1]

For the reasons set forth below, I respectfully recommend that the petition be **DENIED**. Additionally, Petitioner should be denied a certificate of appealability because he has failed to make the substantial showing of the denial of a constitutional right required by 28 U.S.C. § 2253(c)(2).

## II.  Background

### A.  Procedural History

#### 1.  *Petitioner's Conviction and Appeals*

Petitioner was indicted in May 2005 for first-degree criminal sexual act, attempted first-degree criminal sexual act, two counts of second-degree burglary, and three counts of first-degree sexual abuse. (ECF 16 at SR.237-40, 371-78). In 2006, new technology allowed for the creation of a new DNA profile based upon a baseball cap Petitioner left at the scene. (ECF 16 at SR.289). The profile matched Petitioner's DNA profile, which had been obtained from another, unrelated, arrest. (Opp'n Mem. at 4). In August 2007, Petitioner pled guilty in this case to First-Degree Criminal Sexual Act, P.L. § 130.50(1). (ECF 16 at SR.236, 379). In September 2007, Petitioner was sentenced as a persistent violent felony offender ("PVFO") to an indeterminate term of 20 years to life, to run concurrently with a prior sentence.[2] (ECF 16 at SR.236).

---

[1] Citations to the Appendix in ECF 16 and ECF 17 are identified by numerals preceded by "SR.".

[2] In a separate offense, Petitioner pled guilty and was sentenced as a PVFO to 16 years to life in prison. *People v. Davis*, 93 A.D.3d 524 (1st Dept 2012), *leave denied*, 19 N.Y.3d 995 (2012).

In February of 2008, Petitioner filed *pro se* a motion to set aside his sentence pursuant to New York Criminal Procedure Law ("CPL") § 440.20 on the ground of ineffective assistance of counsel in plea negotiations.[3] (ECF 16 at SR.1-10). The Honorable William A. Wetzel denied Petitioner's motion. (ECF 16 at SR.44). Petitioner filed a second CPL § 440.20 motion in August of 2008, which was consolidated with Petitioner's pending direct appeal before the New York Appellate Division, First Department. (ECF 16 at SR.83).

Petitioner's appellate counsel, Steven Banks of The Legal Aid Society, moved to withdraw pursuant to *People v. Saunders*, 52 A.D.2d 833 (1st Dept. 1976) on the ground that there were no valid issues to be raised on appeal. (ECF 16 at SR.67).[4] On February 10, 2009, the First Department granted appellate counsel's motion to withdraw and affirmed Petitioner's conviction. *People v. Davis*, 872 N.Y.S.2d 279 (1st Dept. 2009). The First Department advised Petitioner of the thirty day deadline to seek leave to appeal to the Court of Appeals within service of the court's order, which was on February 17, 2009. *Id.* (Pet. at 16; ECF 16 at SR.86). Petitioner did not seek leave to appeal to the Court of Appeals by March 19, 2009.

Sometime between February 17 and November 12 of 2009, Petitioner filed a motion to vacate the First Department's order dismissing his appeal.[5] In the People's affirmation in opposition to Petitioner's coram nobis petition, the Assistant District Attorney wrote:

> In his motion to vacate the Court's affirmance of his conviction, defendant alleged that he had not received counsel's proposed "*Saunders*" brief. However, counsel

---

[3] In essence, Petitioner alleged his counsel was ineffective for allowing Petitioner to be sentenced as a PVFO, notwithstanding a prior conviction and concurrent sentence with that designation.

[4] The motion to withdraw is not within the record before the Court.

[5] The exact date of Petitioner's motion to vacate is unknown. The Respondent claims that unsuccessful requests for copies were made to both the Appellate Division and the New York County District Attorney's Office. (Opp'n Mem. at 6 n.4). The First Department affirmed his conviction in February of 2009 and denied the motion to vacate in November of 2009.

3

> submitted an affirmation averring that the brief had been sent to defendant prior to being filed with the Court. Moreover, correspondence defendant attached to the motion made clear that defendant was aware for months that counsel would file a *Saunders* brief if defendant did not agree to withdraw his appeal.

(ECF 16 at SR.204 n.3).

The correspondence referenced likely refers to a letter from Eve Kessler of The Legal Aid Society to Petitioner dated October 15, 2008. (ECF 16 at SR.77). Kessler's letter explains that since there were no issues to be raised on appeal, Steven Banks, Petitioner's appellate counsel, planned to request to be relieved as counsel. (ECF 16 at SR.77). According to Kessler's letter, this had previously been explained to Petitioner in two prior letters sent on July 1, 2008, and August 5, 2008. (ECF 16 at SR.77). Kessler further advised Petitioner that if the First Department granted Banks's withdrawal as counsel, and affirmed Petitioner's conviction or dismissed his appeal, then Petitioner had the right to ask the First Department for permission to file a *pro se* supplemental brief, and that the brief should be filed "as soon as possible, ideally within 30 days." (ECF 16 at SR.77).

On November 12, 2009, the First Department denied Petitioner's motion to vacate the First Department's order dismissing the appeal. (Pet. at 18). Petitioner filed three more CPL § 440.20 motions in July 2013, April 2014, and September 2016, raising the same claims he had raised in 2008 and 2009, all of which were denied. (ECF 16 at SR.91-94, 128, 170). On February 23, 2018, Petitioner sought leave to reargue or, in the alternative, leave to appeal to the Court of Appeals. (ECF 16 at SR.196-99). The First Department denied Petitioner's motion in its entirety on April 17, 2018. (ECF 16 at SR.213). On February 17, 2018, Petitioner moved for a writ of error *coram nobis* on the same claims. (ECF 16 at SR.190). The First Department denied

the motion on May 22, 2018. (ECF 16 at SR.215). The Court of Appeals denied leave to appeal on the *coram nobis* application on August 22, 2018. *People v. Davis*, 32 N.Y.3d 936 (2018).

Petitioner filed the instant habeas petition on September 13, 2018. (Pet.) In his petition, Petitioner asserted claims identical to the those denied by the First Department in all of his prior post-conviction motions. (*See* Pet. at 6-9). Petitioner argues: (1) ineffective assistance of Counsel for failure to investigate his criminal history for sentencing purposes (Pet. at 5); and (2) that he was incorrectly sentenced as a PVFO (Pet. at 7).

### 2. *Order to Show Cause*

On October 10, 2018, The Honorable Louis L. Stanton issued an Order to Show Cause why the petition should not be dismissed as time-barred. (ECF 6). Judge Stanton found that the habeas petition was untimely. (ECF 6 at 3). According to Judge Stanton, Petitioner's one-year statute of limitations began to run thirty days after the Appellate Division affirmed his conviction, March 12, 2009, and thus expired on March 12, 2010.[6] (ECF 6 at 3). Judge Stanton concluded that the statute of limitations had run by the time Petitioner began to file his later post-conviction motions. (ECF 6 at 3). Thus, Petitioner's postconviction motions did not reset or extend the limitations period. (ECF 6 at 3). Further, while Judge Stanton was sympathetic to Petitioner's medical condition, the statute of limitations had already run well before Petitioner was diagnosed with prostate cancer. (ECF 6 at 3).

---

[6] Petitioner's conviction became final on March 19, 2009, 30 days after *service* of the First Department's decision. *Crawford v. Costello*, 27 F. App'x 57, 59 (2d Cir. 2001). Petitioner's time to file his federal habeas petition thus ran on **March 19, 2010**, not March 12, 2010, as identified in the Order to Show Cause.

5

Petitioner's response largely reiterated his previous arguments stated in his petition. (ECF 7). Petitioner did add, in relevant part, that upon the First Department's decision on February 10, 2009, he believed his:

> only recourse was to go back to the Appellate Division – First Department and challenge its February 10, 2009 [decision] and seek leave to appeal from its May 22, 2018, [decision] on error coram nobis. Therefore, this petition is timely within one month (August 21, 2018, September 4, 2018) leave to appeal denied and commencement of Habeas Corpus." (ECF 7 at 3). Further, it was "Ineffective assistance of Appellant Counsel for Counsel last obligation was to inform/advice petitioner's to leave to appeal to the New York Court of Appeals, inconcerning Statute of Limitation the 30 day period of petitioner's conviction that became final on March, 2009 (AEDPA) because petitioner[] was unaware of (AEDPA).

(ECF 7 at 3).

### III. Analysis

#### A. Standard of Review

The standard for relief under the Antiterrorism and Effective Death Penalty Act ("AEDPA") "is difficult to meet, because the purpose of AEDPA is to ensure that federal *habeas* relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction." *Greene v. Fisher*, 565 U.S. 34, 43 (2011) (internal quotation marks omitted); *see Burt v. Titlow*, 571 U.S. 12, 16 (2013) ("AEDPA erects a formidable barrier to federal *habeas* relief for prisoners whose claims have been adjudicated in state court."). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the prisoner's claim on the merits." *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)).

A federal court may grant a writ of *habeas corpus* to a state prisoner where the state court's adjudication of the petitioner's federal claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A decision is "contrary to" clearly established federal law, as determined by the Supreme Court, "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A decision is an unreasonable application of clearly established federal law if a "state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413; *accord Cullen v. Pinholster*, 563 U.S. 170, 182 (2011); *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (defining "unreasonable application" to require more than clear error). Moreover, a "federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411; *accord Lockyer*, 538 U.S. at 75.

### B. Statute of Limitations

A petition for a writ of *habeas corpus* must be filed within one year from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Judge Stanton conducted a thorough analysis of Petitioner's statute of limitations and found that the petition is untimely under 28 U.S.C. § 2244(d)(1) because: Petitioner's judgment became final when his 30-day period of time to seek leave from the Court of Appeals expired on March 19, 2009; the instant petition was not filed until September 4, 2018; none of Petitioner's postconviction motions repeatedly raising the same claims were filed before the limitation period ended on March 19, 2010; and Petitioner's medical condition was not diagnosed until well after March 19, 2010. (*See* ECF 6).[7]

### C. Equitable Tolling

A petitioner seeking equitable tolling of the statute of limitations period has the burden of showing: "(1) that [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in [the Petitioner's] way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)

---

[7] As discussed in *Crawford v. Costello*, 27 F. App'x 57, 59 (2d Cir. 2001), Petitioner's time to appeal to the Court of Appeals ran 30 days after the date of service.

(internal quotations removed))). Equitable tolling requires an extraordinary circumstance that thwarts petitioner's otherwise diligent efforts. *Lewis v. Walsh*, 03-CV-1932 (DC), 2012 WL 5207538, at *2 (S.D.N.Y. Oct. 16, 2012) (citing *Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir.2011)). The Petitioner must demonstrate that the extraordinary circumstances caused him to miss the original filing deadline. *Smalls v. Collins*, 10 F.4th 117, 145 (2d Cir. 2021). The proper inquiry is "not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply." *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008). *Pro se* filings must be liberally construed. *Simmons v. United States*, 142 S. Ct. 23, 24-25 (2021) (*mem.*) (statement of Sotomayor, J., joined by Kagan, J., respecting the denial of *certiorari*) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, a petitioner's *pro se* status "does not in itself constitute an extraordinary circumstance meriting tolling." *Doe v. Menefee*, 391 F.3d 147, 175 (2d Cir. 2004).

There are no extraordinary circumstances here that warrant equitable tolling. Petitioner was diagnosed with cancer on September 29, 2015 (*See* ECF 6), years after the statute of limitations ran in March 2010. Furthermore, while Petitioner became *pro se* after the First Department granted his appellate counsel's motion to withdraw, that does not in itself constitute an extraordinary circumstance, and Petitioner has not alleged any facts that would suggest obstruction from filing.

Indeed, correspondence from The Legal Aid Society shows that Petitioner was on notice of his impending *pro se* status. Even the First Department's decision affirming Petitioner's

9

conviction gave clear notice of his thirty day deadline to file for leave to appeal to the Court of Appeals and that Petitioner was not to make a new application on its denial.[8]

Finally, "misapprehension of the law regarding the statute of limitations does not constitute extraordinary or unusual circumstances preventing [one] from filing a timely petition." *Hickey v. Senkowski*, 02-CV-1437 (DC), 2003 WL 255319, at *4 (S.D.N.Y. Feb. 4, 2003). Petitioner has not shown extraordinary circumstances during the time between March 19, 2009, to March 19, 2010 to warrant equitable tolling for 9 years of his federal habeas petition. And, even if Petitioner's mistaken belief that he first needed to file a motion to vacate could have equitably tolled the statute, he would have had to file his habeas petition by December 2010 at the latest, which he also did not do. Accordingly, the Court recommends that the petition for habeas corpus be **DENIED** under 28 U.S.C. § 2244(d)(1).[9]

## IV.     Conclusion

For the foregoing reasons, Petitioner's *habeas* petition should be **DENIED**. Furthermore, because Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2), a certificate of appealability should not be issued.

---

[8] The opinion by the First Department reads: "Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order. Denial of the application for permission to appeal by the judge of justice first applied to is final and no new application may thereafter be made to any other judge or justice." (ECF 16 at SR.87).

[9] In any event, even if the petition qualified for equitable tolling, Petitioner's claims are meritless. Petitioner's claims were adjudicated on the merits several times in State court. Petitioner has not identified how the First Department's decisions are contrary to or an unreasonable application of clearly established federal law, or how they were based on an unreasonable determination of the facts. *See* 28 U.S.C. 2254(d)(1). Indeed, Petitioner's appellate counsel's withdrawal only suggests that there was no valid basis for Petitioner's appeal, and Petitioner's same claims were also denied by the First Department in his separate case. *See People v. Davis*, 93 A.D.3d 524 (1st Dept 2012).

V.     **Objections**

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. *See also* Fed. R. Civ. P. 6 (allowing three (3) additional days for service by mail). A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be filed with the Clerk of Court, *Pro Se* Intake Unit, United States Courthouse, 500 Pearl Street, Room 200, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Lorna G. Schofield.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS <u>WILL</u> RESULT IN A WAIVER OF OBJECTIONS AND <u>WILL</u> PRECLUDE APPELLATE REVIEW.** (*See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983)).

The Clerk is respectfully directed to mail a copy of this Report and Recommendation to Petitioner.

Respectfully submitted,

_s/ Ona T. Wang_

Dated: February 16, 2023
New York, New York

**Ona T. Wang**
United States Magistrate Judge