UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
   KEVIN DAVIS,
                                Petitioner,

                       18 Civ. 8426 (LGS)
             -against-

                        ORDER
   J. NOETH, SUPERINTENDENT,
                              Respondent.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, in this action, Petitioner Kevin Davis, proceeding pro se, filed a petition for a writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2254 challenging his 2007 sentence for Criminal Sexual Act in the First Degree, N.Y. Penal Law § 130.50(1). The Petition alleges that (1) Petitioner received ineffective assistance of counsel as his attorney failed to properly investigate his criminal history for sentencing purposes and (2) Petitioner was incorrectly sentenced as a persistent violent felony offender. The Petition was assigned to District Judge Louis L. Stanton. Judge Stanton found that the Petition was untimely filed, as the statute of limitations expired on March 12, 2010, and issued an Order to Show Cause why the Petition should not be denied as time barred. Subsequently, the matter was reassigned to the undersigned and then referred to Magistrate Judge Ona T. Wang for a report and recommendation regarding the Petition.

      WHEREAS, on February 16, 2023, Judge Wang issued a Report and Recommendation (the "Report"), which liberally construes pro se Petitioner's pleadings to raise the strongest arguments but nevertheless recommends denying the Petition. The Report reasons that the Petition was untimely because the statute of limitations expired eight years ago. The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes that a petition for writ of

habeas corpus must be filed within one year from the latest of a number of triggering dates. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). Here, Petitioner's statute of limitations period expired on March 12, 2010, one year after his judgment became final when the thirty-day period of time to seek leave to appeal to the New York Court of Appeals elapsed. Moreover, the Report finds that no extraordinary circumstances warrant equitable tolling. Petitioner argues that his diagnosis with prostate cancer and lack of awareness of AEDPA's requirements entitle him to equitable tolling. However, Petitioner was diagnosed with prostate cancer on September 29, 2015, five years after the statute of limitations had already expired. Although the Court is sympathetic to Petitioner's medical condition, it agrees with the Report's conclusion that Petitioner's later diagnosis does not demonstrate the "extraordinary circumstances" that would cause him to miss the earlier filing deadline. *See Smalls v. Collins*, 10 F.4th 117, 145-46 (2d Cir. 2021) ("[T]he party seeking equitable tolling is required to show reasonable diligence in pursuing his claim throughout the period he seeks to have tolled." (internal quotation marks omitted)). Neither does his misapprehension of the law constitute "extraordinary circumstances." *See Best v. Newton*, No. 15 Civ. 4316, 2016 WL 5416505, at *5 n.7 (S.D.N.Y. Sept. 28, 2016) (noting that pro se plaintiff's misapprehension of the law "does not rise to the level of an 'extraordinary circumstance' required for equitable tolling").

   WHEREAS, the Report set a deadline for any objections fourteen days from service of the Report, allowing three additional days for a party who is served by mail. The docket indicates that the Report was mailed to Petitioner on March 14, 2023. Any objections to the Report by Petitioner were due on March 31, 2023.

   WHEREAS, no objections were timely filed.

WHEREAS, in reviewing a magistrate judge's report and recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  A district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by any party.  Fed. R. Civ. P. 72(b)(3); *accord United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015).  "[W]here no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Larach-Cohen v. Banks*, No. 19 Civ. 7623, 2022 WL 16541045, at *1 (S.D.N.Y. Oct. 28, 2022) (internal quotation marks omitted).

WHEREAS, the Court finds no clear error on the face of the record as to the Report.  It is hereby

**ORDERED** that the Report is **ADOPTED** in full.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111-12 (2d Cir. 2000).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment on the merits would not be taken in good faith, and therefore, in forma pauperis status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner and to terminate the case.

Dated: April 26, 2023
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**